THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**NELSON ORTIZ BAEZ,**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**Civil No. 19-1483 (ADC)**
**[Related to Crim. No. 95-00029 (4)]**

## OPINION AND ORDER

Petitioner Nelson Báez-Ortíz ("petitioner") seeks to amend or correct his sentence pursuant to 28 U.S.C. § 2255. **ECF No. 1**. The government filed a motion to dismiss the petition arguing that since this is petitioner's third §2255 motion and he failed to request authorization from the First Circuit Court of Appeals to file a successive petition, this Court lacks jurisdiction. **ECF No. 11**.

For the reasons set forth below, the government's motion to dismiss is **GRANTED**, petitioner's §2255 motion (**ECF No. 1**) is **DENIED,** and the petition is **DISMISSED WITH PREJUDICE**.

    I.    **Background**

Petitioner was convicted in 1995 of conspiracy to possess with intent to distribute and distribution of cocaine base, cocaine, heroin, and marijuana, and engaging in a monetary transaction with criminally derived property. *See United States v. Candelaria-Silva*, 166 F.3d 19, 25

(1st Cir. 1999). He was sentenced to 480 months as to Count 1 and 120 months as to Count 43, to be served concurrently. His sentence and conviction were affirmed on appeal. *Id.*[1]

Since then, petitioner has filed various motions seeking relief from his conviction and sentence. In 2001, he first moved to vacate his sentence pursuant to 28 U.S.C. § 2255 arguing ineffective assistance of counsel and that a previous conviction was improperly counted towards his criminal history category. *See* **Civil No. 01-1399, ECF No. 9**. His petition was denied, and a subsequent appeal was voluntarily dismissed. *See id.*, **ECF Nos. 9, 10, 26**. On June 2005[2], petitioner filed a second motion pursuant to §2255, seeking to amend his sentence citing *Blakely v. Washington*, 542 U.S. 296 (2004), and *Dodd v. United States*, 545 U.S. 353 (2005). **Civil No. 05-1689, ECF No. 1**. His petition was denied for failure to comply with Rules 2 and 4 Governing Section 2255 Proceedings in the United States District Courts. *Id.* at **ECF Nos. 2, 3**. Therefore, this is petitioner's third 2255 petition.

II. **Analysis**

It is well settled that "[a] federal prisoner seeking to file a second or successive § 2255 petition must first obtain authorization from the court of appeals to do so." *Bucci* v. *United States*, No. 13-2418, 2015 U.S. App. LEXIS 22267, at *4 (1st Cir. Dec. 21, 2015) (citing 28 U.S.C. §§

---

[1] On February 16, 2016, pursuant to the U.S. Sentencing Guidelines Amendment 782, petitioner's sentence was reduced to an imprisonment term of 360 months as to Count 1, and 120 months as to Count 43, to be served concurrently with each other. **Crim. No. 95- 0029-4, ECF No. 3776.**

[2] In November 2005, petitioner filed a motion under Fed. R. Civ. P. Rule 60(b) in Civil No. 01-1399, alleging he was entitled to relief pursuant to recently decided *United States v. Booker*, 543 U.S. 220 (2005). *Id.* at **ECF No. 29**. Petitioner's Rule 60 motion was denied, and the denial was affirmed on appeal. *Id.* at **ECF No. 30**; *Ortíz-Báez v. United States*, App. 06-1144 (1st Cir. 2006).

2244(b)(3)(A), 2255(h)). "Such authorization is available only when the second or successive petition is based either on (1) newly discovered evidence that would establish innocence or (2) a new rule of constitutional law made retroactive on collateral review by the Supreme Court." *Id*. (citing 28 U.S.C. § 2255(h)). The First Circuit has "interpreted this provision as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Id*. (quoting *Trenkler* v. *United States*, 536 F.3d 85, 96 (1st Cir. 2008)). Consequently, "[w]hen faced with a second or successive § 2255 petition that has not been authorized by the court of appeals, a district court must either dismiss the petition or transfer it to the court of appeals." *Id*. (citing *Trenkler*, 536 F.3d at 98). "From the district court's perspective, these pre-clearance provisions are an allocation of subject-matter jurisdiction to the court of appeals." *United States v. Barrett*, 178 F.3d 34, 41 (1st Cir. 1999) (citations and internal quotation marks omitted).

Nothing in the record indicates that the First Circuit Court of Appeals has authorized petitioner to file the current petition. As a result, the Court does not have jurisdiction over the petition. In any event, even if the First Circuit grants petitioner leave to file a second or successive petition, the one at hand lacks merit.

Petitioner cites a retroactive change in the law as grounds for his petition, noting that the First Step Act of 2018 allows a defendant to request retroactive application of the sentencing reductions provided for in sections 2 and 3 of the Fair Sentencing Act of 2010. *See* **ECF No. 1**; First Step Act of 2018, PL 115-391, December 21, 2018, 132 Stat. 5194; Fair Sentencing Act of 2010,

Public Law 111–220; 124 Stat. 2372. Such reduction in sentence, however, should be requested via motion under §3582 of the First Step Act which provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute...." Courts have noted that "a §3582(c) motion 'is not a civil post-conviction action, but rather a continuation of a criminal case.'" *Harris v. United States*, Case Nos. 19-61517-CV-ZLOCH/98-06128-CR-ZLOCH, 2019 U.S. Dist. LEXIS 139090 at *6 (S.D.Fla. Aug. 15, 2019) (citing *United States v. Brown*, 817 F.3d 486, 488 (6th Cir. 2016)).

Since a §2255 action is a collateral civil proceeding, it is not the proper means for obtaining relief pursuant to the First Step Act. *See United States v. Miles*, 07-cr-00890, 2019 U.S. Dist. LEXIS 230837, *10 (E.D.N.Y. April 25, 2019) (holding that "Section 2255 is not the appropriate vehicle to move for resentencing under the First Step Act."). In fact, as the government points out, on October 18, 2019, petitioner filed a separate motion within the criminal proceedings seeking appointment of counsel and modification of his sentence pursuant to the First Step Act of 2018. **Crim. No. 95-00029-4, ECF No. 3945**. Moreover, the First Step Act does not constitute "newly discovered evidence" or "a new rule of constitutional law" which warrants authorization to file a successive petition under section 2255(h). *See United States v. Drayton*, No. 10-20018-01-KHV, 2019 U.S. Dist. LEXIS 19409, 2019 WL 464872, at *1-2 (D. Kan. Feb. 6, 2019).

III. **Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the

applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C.A. foll. § 2255. To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, because petitioner filed a successive 2255 motion without leave from the First Circuit Court of Appeals and failed to establish that his petition is based either on (1) newly discovered evidence that would establish innocence or (2) a new rule of constitutional law made retroactive on collateral review by the Supreme Court, the Court finds that petitioner is not entitled to a COA. Therefore, a COA is **DENIED**.

IV. **Conclusion**

Based on the foregoing, the government's motion to dismiss is **GRANTED (ECF No. 11)**, petitioner's §2255 motion (**ECF No. 1**) is **DENIED,** and the petition is **DISMISSED WITH PREJUDICE**. Petitioner is **DENIED** a COA.

Petitioner's request for appointment of counsel at **ECF No. 2** is **DENIED**.

Petitioner's motions for entry of default and for default judgment at **ECF Nos. 12** and **13** are **DENIED WITH PREJUDICE**.

The Clerk of the Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 3rd day of June, 2020.

                                                       **S/AIDA M. DELGADO-COLÓN**
                                                       **United States District Judge**